NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANETH M. ROMERO,<br><br>       Plaintiff -Appellant,<br><br>  v.<br><br>U.S. BANK, N.A., OLD REPUBLIC<br>DEFAULT MANAGEMENT SERVICES,<br>a Division of Old Republic National Title<br>Insurance Company, as Trustee,<br><br>       Defendants-Appellees. | No .   16-16912<br><br>D.C. No. 3:16-cv-02286-MMC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Hon. Maxine Chesney, District Judge, Presiding

Submitted February 13, 2018**
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and SESSIONS,***
District Judge.

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

    ***      The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

**1.** The district court properly dismissed Janeth Romero's First Amended Complaint for failure to state a claim. Romero alleges that U.S. Bank holds no assigned interest in the deed of trust because the original lender, Downey Savings & Loan Association ("Downey"), used funds from an undisclosed third party to finance her loan. Relying in part on *Jackson v. Grant*, 890 F.2d 118, 121 (9th Cir. 1989), Romero contends that no contract was consummated with Downey because the true lender was not disclosed. While the loan documents in *Jackson* did not identify a lender, the lender in this case was clearly stated. Romero's reliance on *Jackson* is therefore misplaced. None of Romero's remaining citations provide support for the relief she is seeking.

**2.** Because her allegations do not undermine U.S. Bank's claim to an enforceable legal interest in the deed of trust, the district court properly dismissed each of Romero's five causes of action. First, there is no plausible allegation that U.S. Bank and Old Republic Default Management Services ("Old Republic") misrepresented their rights and interests. Second, Romero's claim of intentional interference with contractual relations assumes a contract with an undisclosed third-party lender. Allegations of a third-party lender are speculative, and the

2

statute of frauds would require any such contract to be in writing. *See* Cal. Civ. Code § 1624(a)(6). No written contract is alleged.

Romero next claims violations of the California Homeowner Bill of Rights, California Civil Code § 2924.17, which requires that notices of default and notices of sale "shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a). The statute also requires a mortgage servicer to "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." *Id.* § 2924.17(b). Because Romero has asserted no plausible claim that U.S. Bank and Old Republic lacked competent and reliable evidence of the right to foreclose, this cause of action was properly dismissed.

Romero's fourth cause of action alleges violations of California Business and Professions Code § 17200, which prohibits business practices that are unlawful, unfair, or fraudulent. We affirm dismissal of this claim, as it is predicated upon the first three causes of action.

The fifth cause of action, wrongful foreclosure, requires a specific factual basis for finding that foreclosure was initiated by the wrong party. *See Gomes v.*

*Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (2011). Romero's pleadings fail to allege any such plausible factual basis.

3. Old Republic, as the foreclosure trustee, is entitled to a qualified privilege that requires the plaintiff to show malice. *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008). The district court properly concluded that Romero failed to allege plausible facts to support a finding of malice.

4. The district court did not abuse its discretion when it dismissed without leave to amend, as further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

**AFFIRMED.**